

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2007

# Mulahasawovic v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3559

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mulahasawovic v. Atty Gen USA" (2007). *2007 Decisions.* Paper 131.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/131

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3559

_____

SLAVICA MULAHASAWOVIC,

Petitioner

v.

UNITED STATES ATTORNEY GENERAL

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A95 551 835)
Immigration Judge: R.K. Malloy

_____

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2007

Before: RENDELL and NYGAARD, Circuit Judges.
and VANASKIE,[*] District Judge.

(Filed December 6, 2007)

_____

OPINION OF THE COURT

_____

---

*Honorable Thomas I. Vanaskie, District Judge for the United States District
Court for the Middle District of Pennsylvania, sitting by designation.

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will deny the petition for review. Whether a petitioner has established persecution is a factual finding subject to the substantial evidence standard of review. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).

Slavica Mulahasawovic, a citizen of both Bosnia and Croatia, entered the United States on a non-immigrant visitor visa and applied for asylum. The government interviewed her and subsequently placed her in removal proceedings. After a hearing, the immigration judge found Ms. Mulahasawovic ineligible for withholding of removal to Croatia. The Board of Immigration Appeals denied her appeal.

In her original application, Ms. Mulahasawovic claimed life-long harassment and instances of assault in Bosnia due both to her Croatian ethnicity and her membership in the Roman Catholic Church. She said that she fled to Croatia and resided there until coming to the United States. She claimed that she was also scorned in Croatia. She asserted that the taunts and insults arose because she was from Bosnia and because her last name sounded like a Muslim name. As a result, though trained as a nurse, she claimed she could only find work in a factory.

At her hearing, Ms. Mulahasawovic added specific claims that she was sexually assaulted in Bosnia on two occasions by Muslim ethnic-Bosnian men because she was of

Croatian ethnicity.  The immigration judge found that her claims of rape in Bosnia lacked credibility.   The judge found that other assertions of harassment and instances of assault did not meet her burden of demonstrating persecution in Bosnia.  Additionally, the judge found that Ms. Mulahasawovic's assertions of taunts and her inability to find employment as a nurse did not prove persecution in the country from which she came and to which she would be removed: Croatia.  Finally, the judge held that there was not any evidence that the petitioner would face persecution or torture in Croatia.  The Bureau of Immigration Appeals affirmed the decision.  The immigration judge did not err by finding that Ms. Mulahasawovic failed to meet her burden of proof concerning her application for relief from removal to Croatia.[1]   For these reasons, we will deny the Petition for Review.

---

[1] Challenging the holding that petitioner's assertions of sexual assault in Bosnia lacked credibility, we note that petitioner cited to a decision of the Ninth Circuit for the proposition that a person's failure to disclose a rape at an asylum interview is, itself, insufficient to support an immigration judge's adverse credibility determination when the claim is raised later.  *Kebede v. Ashcroft,* 366 F.3d 808, 811 (9th Cir. 2004) (citing *Paramasamy v. Ashcroft*, 295 F.3d 1047, 1053 (9th Cir. 2002)).  We do not reach this issue because the trier of fact denied relief from removal to Croatia and we do not find evidence to compel a different result.